## LUCERO ET AL. *v.* HEIRS OF VILÁ.

## APPEAL from the District Court of Ponce.

### No. 438.—Decided February 11, 1911.

ALLEGATIONS—EXCEPTIONS—LACK OF CAPACITY—COUNSEL ASSIGNED BY THE COURT.—The proceedings had for the judicial assignment of counsel whose capacity is contested not having been made part of the record in this case, it is to be assumed that such assignment was made in accordance with the law.

ID.—DEFECT OF PARTIES DEFENDANT—EXECUTORS.—The provisions of sections 65 and 66 of the Act Relating to Special Legal Proceedings, approved March 9, 1905, refer to cases where the validity of a will is contested on the ground of noncompliance with some of the formalities required by law, or for want of testamentary capacity on the part of the testator, but said provisions are not applicable to a case where the right of action is based on the nullity of the institution of heirs through the preterition of an heir by force of law, for the purpose of demanding that the executor be made a party to the action; and even assuming that said provisions are applicable to the latter case, the executor need not appear as party defendant, except where he is the executor of another will alleged to be that of the deceased and the validity whereof is sought to be established or destroyed.

ID.—CONSOLIDATION OF ACTIONS—ACTIONS DERIVED FROM OTHERS.—Although there is no provision authorizing the consolidation of actions to *claim filiation, the acknowledgment of rights consequent to said filiation, and for the annulment of a will* as to the portion thereof bearing upon succession, which may impair said rights, these actions being closely related to each other, inasmuch as the third is derived from the second and the second from the first, there is no objection to sustaining their consolidation.

ID.—APPEALS—ERRORS OR DEFECTS IN THE PROCEEDINGS WHICH DO NOT IMPAIR THE RIGHTS OF THE PARTIES.—The improper consolidation of several actions in the same complaint is not in itself sufficient reason for the reversal of the judgment on appeal, if it has caused no injury to the defendant, inasmuch as the consolidated evidence of all the actions is identical, and said actions are derived from each other.

ILLEGITIMATE CHILDREN—RIGHTS OF FILIATION—LAW BY WHICH THEY SHOULD BE REGULATED.—The rights of filiation of illegitimate children must be regulated by the legislation in force at the time of their birth and, consequently, the conditions which, according to the Revised Civil Code, should inhere in them in order to be considered natural children do not affect, either favorably or unfavorably, those who were born under the prior legislation, *irrespective of the date of their acknowledgment,* inasmuch as said conditions are essential or inherent to their own personality, and as they essentially constitute the personality of the individual from the moment of his birth, such personality is what must serve as basis for the acquisition of all kinds of rights; wherefore, in order to give effect to the new legislation contained in the Revised Civil Code and convert into natural children those who were not, nor could be so, under the prior legislation, it is necessary that it be expressly

provided notwithstanding the first rule of the transitory provisions of said code, which is not applicable in these cases.

ID.—Even were the first rule of the transitory provisions of the Revised Civil Code applicable to these cases, illegitimate natural children born under the prior legislation could never invoke it for the purpose of demanding their acknowledgment as such children, because this right, established for the first time in the Revised Civil Code, is opposed or prejudicial to other rights originating, or acquired under said prior legislation in behalf of the father and his successors in interest, such as are derived from articles 138, 139, 140, and 141 of the Spanish Civil Code.

ID.—Acknowledged illegitimate children born under the legislation established by the Revised Civil Code have an indisputable right to a judicial declaration of their acknowledgment and to bear the surname of their father, but they cannot claim the right to inherit from him by will.

ID.—NATURAL CHILDREN.—Illegitimate children have no hereditary rights in the testate sucession, for such rights are recognized by the act referring to inheritance, approved March 9, 1905, only in favor of legally acknowledged natural children, understanding by such, for the purposes of said act, those born out of wedlock of parents who, at the time of their conception, could have married with or without dispensation, whence the meaning of *natural child* is more restricted than that of *illegitimate child,* and the same signification and scope can in nowise be attached to either phrase.

APPEAL—PROOFS—CUMULATIVE EVIDENCE.—The admission of improper evidence, when the latter is of a cumulative character and there is other evidence to establish the facts to which the former referred, is not sufficient reason, by itself, to justify the reversal of the judgment.

ID.—ADMISSION OF PORTRAITS AND PHOTOGRAPHS AS EVIDENCE.—Portraits and photographs are admissible as evidence at the trial provided they are duly identified as representing the persons to whom they refer.

ID.—CONSIDERATION OF CONTRADICTORY EVIDENCE.—The finding of the lower court in cases of contradictory evidence must be accepted by the appellate court, unless it be shown that in such finding said court was actuated by passion, prejudice, or partiality, or that it committed manifest error.

The facts are stated in the opinion.

*Mr. Julio M. Padilla* for defendants.

*Mr. José Tous Soto* for plaintiffs.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 29, 1908, Carmen, Lucía, and José Lucero, represented by their judicial defensor, Ramón Dapena Pacheco, and under the direction of Attorney José Tous Soto, filed a sworn complaint in the District Court of Ponce against the heirs of José Vilá y Soler, named María de la Paz Palermo, Guillermo, Francisco, Salvador, María, and Antonio Vilá y Palermo, praying that it be adjudged that the plaintiffs are

acknowledged illegitimate children of José Vilá y Soler; that they, as such, have a right to bear the surname of Vilá, and each of them to inherit one-half the portion assigned to every one of the legitimate children receiving no additional portion, and that the will executed by José Vilá y Soler be pronounced null and void, by reason of the preterition therein made of the plaintiffs as heirs by force of law.

The fundamental allegations of the complaint are as follows:

1. That José Vilá y Soler died in the city of Ponce on August 5, 1908, leaving a will executed the same year, wherein he instituted as his sole and universal heirs his wife, María de la Paz Palermo, and their legitimate children, Guillermo, Francisco, Salvador, María, and Antonio, who have accepted the inheritance left by Vilá and entered upon the possession thereof.

2. That José Vilá y Soler, during his lifetime, begot by his union with Dolores Lucero the plaintiffs herein, of whom Carmen was born on September 11, 1899, Lucía on March 25, 1902, and José on August 3, 1906.

3. That José Vilá y Soler, at the time of the conception and birth of the plaintiffs, was living in concubinage with Dolores Lucero, attending to her support and that of their children whom he treated as such and with whom he lived under the same roof.

4. That José Vilá y Soler did not leave anything in his last will and testament to his aforesaid illegitimate children.

5. That the Ponce court, by an order of October 28, 1908, appointed Ramón Dapena Pacheco as defensor for the infant plaintiffs.

To the foregoing complaint the defendants interposed the following demurrers:

1. Lack of capacity of the plaintiffs, because being the acknowledged illegitimate children of Dolores Lucero the latter does not represent them here, no just reason having been assigned therefor.

2. Defects of parties defendant, because the action exercised being one for the annulment of a will the executors, who should be considered as parties to the action, are not sued, as provided by section 66 of the Act relating to Special Legal Proceedings.

3. Misjoinder of actions of filiation, of inofficious testament, and of petition of inheritance, which cannot be prosecuted in the same proceedings.

4. That the complaint does not state facts sufficient to constitute a cause of action.

The Ponce court, by decision of January 27, 1909, overruled all the demurrers with the costs against the defendants, who were allowed 10 days to answer.

In answering the complaint the defendants denied all the allegations contained therein except the first, which they admitted as true, and the fourth, in so far as it states that José Vilá y Soler had left nothing in his last will and testament to the plaintiffs.

The defendant further stated that Vilá y Soler had appointed in his will María de la Paz Palermo as executrix, and in that capacity she had not been sued nor summoned; that at the dates on which the plaintiffs are said to have been born Vilá y Soler was legally married to María de la Paz Palermo, by whom he had had the legitimate children named in the complaint, and that at the date the complaint was filed there was no legal cause whatever which prevented the mother of the plaintiffs from representing her children, nor had she requested the court to appoint a defensor, nor had such petition been made by the minors concerned, nor by the *fiscal.*

By way of second defense the defendants averred that the complaint in this case had first been brought in the name of Marcelina Lucero, the plaintiffs' grandmother, who was appointed by the court as their defensor, and the same had been withdrawn.

A day having been set for the hearing, at the commencement thereof the plaintiffs, with the permission of the court,

to which the defendants excepted, introduced an amendment to the last prayer of the complaint in the sense that it be adjudged that the plaintiffs are each entitled to inherit a portion equal to that assigned to every one of the legitimate children receiving no additional portion. After taking the evidence submitted by both parties, the court, by judgment rendered on April 26, 1909, declared that the plaintiffs have a right to bear their father's surname of Vilá, he having acknowledged them in life, and each to inherit from him a portion equal to one-half that assigned to every one of the legitimate children receiving no additional portion. At the same time it accordingly declared the will executed by José Vilá y Soler to be null and void in so far as it affects the rights of the acknowledged illegitimate children, but leaving the rest to stand, with the costs of the proceedings taxed against the defendant estate.

From said judgment the defendants took an appeal to this Supreme Court, as did also the plaintiffs, in so far as they are held to be entitled to an hereditary portion equal only to one-half that assigned to each of the legitimate children receiving no additional portion, instead of a portion equal to that of the latter.

The appellant defendants allege as grounds of their appeal the following:

1. Lack of capacity of the plaintiffs, because, being minors under ten years of age they have appeared in court, not through their mother, Dolores Lucero, but through Ramón Dapena y Pacheco, as defensor appointed by the court, no good reason having been alleged for such appointment, thus violating section 223, paragraph 1, of the Civil Code.

2. Defects of parties defendant, because the complaint was not directed against the executors of the will the annulment of which is sought, thereby violating section 66 of the Act relating to Special Legal Proceedings, approved March 9, 1905.

3. Misjoinder of actions in the complaint—that is, of actions of filiation, nullity of testament, and partition of inheritance—which cannot be prosecuted in the same proceeding, because they are not included among those mentioned in section 104 of the Code of Civil Procedure as capable of being united.

4. Absence of facts sufficient to constitute a cause of action, because the plaintiffs being the adulterine children of José Vilá, as is to be inferred from the complaint, he could not acknowledge them to the prejudice of his wife and legitimate children, despite the provisions of sections 187 and 188 of the Revised Civil Code—not applicable here—on the strength of paragraph 1 of the temporary provisions of said code; nor could the plaintiffs be entitled to the rights of inheritance recognized in their favor by the judgment, such rights being disallowed by the Inheritance Act, approved March 9, 1905, which under sections 1 and 14 thereof recognizes only natural children legally acknowledged as entitled to legal portions, and not adulterine children.

5. That the plaintiffs having admitted the allegation of the defendants, that at the date of the conception and birth of the plaintiffs José Vilá y Soler was married to María de la Paz Palermo and that all the legitimate children of said marriage sued herein already existed, the judgment appealed from, which finds that they are testamentary heirs upon the same footing as the defendants, violates, through their misapplication, sections 1 and 14 of the aforesaid Inheritance Act.

6. That the court erred in admitting as evidence for the plaintiffs the stenographic record of the divorce suit brought by José Vilá y Soler against María de la Paz Palermo in order to prove the admissions made by the latter and by Salvador and José Vilá y Palermo, the full testimony of María and of her children, Salvador and Francisco, having thus been brought to the trial without they being first examined as witnesses.

7. That the court erred also in admitting as evidence the picture appearing in the record as of José Vilá y Soler and of Dolores Lucero and the plaintiffs, Carmen and Lucía, without due identification of said instrument of proof.

8. That the court erred likewise in weighing the evidence of the plaintiffs and estimating the same to show sufficiently that the plaintiffs are children of José Vilá y Soler and that he had acknowledged them as such.

That the court erred also in not finding that the defendants' evidence did not destroy the force and value of that of the plaintiffs.

The plaintiffs base their appeal on the following grounds:

1. Violation of section 913 of the Civil Code, which allows illegitimate children the same rights of inheritance as lawful children.

2. Violation of the Act of March 9, 1905, through misapplication of section 14 thereof, inasmuch as said act refers exclusively to testamentary succession, while the present case is one of intestate succession, Vilá's will being null and void through the preterition of heirs by force of law.

Let us now examine the grounds of defendants' appeal in the order in which they are set forth.

As regards the first ground, namely, lack of capacity of the judicial defensor, Ramón Dapena Pacheco, to represent the plaintiffs, we find that section 77 of the Act relating to Special Legal Proceedings provides that the appointment of counsel (*defensor*) shall always be made on petition setting forth under oath that the minor concerned therein comes within the provisions of section 230 of the Civil Code; and inasmuch as neither the order appointing Dapena as defensor, nor the motion on which such an order was based, nor the documents that might have accompanied the same have been made part of the record, we must presume that said appointment was made in accordance with the law—a presumption established under paragraph 15 of section 102 of the Law of Evidence, approved March 9, 1905.

As to the second ground respecting defects of parties
defendant because the executor appointed by José Vilá y
Soler in his will had not been sued, we are of opinion that
section 65 of the Act relating to Special Legal Proceedings,
approved March 9, 1905, and its complement, section 66, are
not applicable to the present case, inasmuch as both sections
refer to cases where the validity of a will is contested on
the ground of noncompliance with the formalities required
by law, or for want of testamentary capacity on the part of
the testator—circumstances which do not exist in the case at
bar where in reality the action of nullity of a will is not exer-
cised, but that of ineffectiveness of the institution of heirs
through the preterition of an heir by force of law—an action
which in nowise affects the executor, but the heirs, inasmuch
as the will can be executed as regards bequests and better-
ments not contrary to good conscience, according to section
802 of the Civil Code. But even upon the supposition that
section 65 referred not only to a case where the validity of a
will is contested in its entirety, because of defects of external
formalities required by law, or for want of testamentary
capacity on the part of the testator, but also to a case where
the validity is contested in part on the ground of defect in
some intrinsic or internal formality, as happens here, we
would still find that there was no defect of parties, for, accord-
ing to said section, the action may be brought by any heir, or
executor, or legatee, without the necessity of its being brought
by all of them; and, according to section 66, there shall be
named as parties in such action all the other heirs of the
decedent, and the executor and legatees of aliquot number in
any other alleged will of the decedent the validity of which
it is sought to establish or invalidate. Here we have only a
will the validity whereof is in part contested, and not another
alleged will of the decedent the validity of which it is sought
to establish or invalidate. The representation of the executor
is therefore superfluous.

With respect to the third ground of the appeal—that is, the misjoinder of actions—it should be noted that the actions exercised are three, namely, of filiation, of recognition of rights inhering in such filiation, and of nullity of a will which impairs said rights in the portion thereof relating to succession. Now, then, the second action derives from the first, and the third from the second, thus evincing an intimate relation among all of them, for which reason we see no objection to their being joined, although we do not find in our Code of Civil Procedure any provision authorizing it. Said doctrine has been accepted by the Supreme Court of California in the case of *Wilson* v. *Castro,* 31 Cal., 431. But even upon the supposition that the joinder was improper, this would not be sufficient reason of itself alone for reversing the judgment below, since no prejudice could have been caused thereby to the defendants from the moment that the united evidence of all the actions is the same, and some of the actions are presented as derived from others.

It is so established by section 142 of the Code of Civil Procedure which provides that in every state of an action the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or annulled by reason of such error or defect.

The fourth and fifth grounds, whereof the latter is included in the former, must be considered together, and they are the most important ones in the present case.

At the outset it is necessary to inquire and ascertain which law is it that regulates the alleged acknowledgment of the plaintiffs.

It is alleged in the complaint that Carmen and Lucía were born on September 11, 1899, and March 25, 1902, respectively, while José was born on August 3, 1906.

Now, then, the Spanish Civil Code took effect in this Island by virtue of a Royal Decree of July 31, 1889, and it was in force at the dates of the birth of Carmen and Lucía. This

was not the case, however, at the date of José's birth, for then the Revised Code was already in force. And inasmuch as the legal provisions governing the acknowledgment of children are different in both codes, the legal question arises as to whether the plaintiffs, Carmen and Lucía, should be governed by the Spanish Civil Code and their brother, José, by the Revised Civil Code, or whether all three are protected and covered by the provisions concerning acknowledgment contained in the last-mentioned code, now in force.

There is no doubt that to the plaintiff, José, born under the rule of the Revised Code, the provisions of said code should be applied, while with respect to the other plaintiffs, Carmen and Lucía, application must be made of the provisions contained in the Spanish Civil Code, under which their conception and birth occurred, for the reason that either code must regulate such rights as arise from acts taking place under its rule, according to paragraph 1 of the temporary provisions of both codes.

It cannot be maintained that the provisions of the Revised Civil Code are also applicable to Carmen and Lucía, for the Revised Code, under section 3 thereof, provides that laws shall not have a retroactive effect unless they expressly so decree, and in no case shall the retroactive effect of a law operate to the prejudice of rights acquired under previous legislative action. We do not find in the Revised Code any prescription to the effect that its provisions regarding acknowledgment of illegitimate children are applicable to those born prior to the promulgation of said code; nay, more, rule 1, of the temporary provisions for its application decrees that rights originating under the legislation previous to the Revised Code, from acts which took place while it was in force, shall be governed by the previous legislation, even though the said code regulates them in a different manner, or does not recognize them.

It is argued that this same rule 1 provides that if the right shall appear and be declared for the first time in the Revised

Civil Code, it shall have a prospective effect, even though the act which produces it should have taken place under the previous legislation; provided that it be not in conflict with, or prejudicial to, another right born or acquired through the operation of the said previous legislation; wherefore it is sustained that inasmuch as the right of all kinds of illegitimate children to acknowledgment is declared for the first time in said code, it follows that the plaintiffs, Carmen and Lucía, are entitled to the acknowledgment sought, the same not being in conflict with, nor prejudicial to, another right born or acquired under the operation of the previous legislation.

We cannot accept this allegation. According to the Spanish Code—article 119—natural children are those born out of wedlock of parents who, at the time of the conception of the child, could have married with or without dispensation, and these were the natural children who, according to article 129 of the same code, could be acknowledged by the father and mother jointly, or by only one of them.

These provisions modified the previous legislation relating to acknowledgment of natural children, as defined by Law 11 of Toro; and the question having been submitted to judicial discussion as to whether a child born under said law of parents disqualified for marriage without dispensation, and who, therefore, could not be called a natural child, was entitled to acknowledgment as such natural child under article 119 of the Spanish Civil Code, the application whereof was sought on the strength of paragraph 2 of rule 1 of the temporary provisions—reproduced under the same number in our Revised Code—the Supreme Court of Spain, by judgment of April 9, 1904, decided the case in the negative, among other reasons for the ones hereinafter set forth:

"The conditions required of illegitimate children in order that they may be considered natural children, according to the second paragraph of article 119 of the code, do not in any sense affect children born previously and therefore subject to the conditions required by

Law 11 of Toro, *whatever may be the date of the acknowledgment of such children,* because these conditions being essential and inhering in their own personality, as determined by the moment of their birth, it is impossible to disregard them without admitting and establishing a fiction contrary to reality and not authorized by law; for although rule 1 of the temporary provisions of the code makes effective the new rights in so far as they do not prejudice other acquired rights, this cannot be understood as having reference to what essentially constitutes the personality of the individual from the moment of his birth, inasmuch as such personality must serve as basis for the acquisition of all kinds of benefits and advantages in the nature of rights; and, pursuant to. the provision of article 3 of the code, it would have been necessary that so important a decision as that of converting into natural children those who were not nor could be such under the prior legislation should be expressly prescribed, considering the consequences it was calculated to produce in family and social relations.

"In view of the foregoing, the first four grounds of the appeal cannot be considered, because, ignoring the doctrine set forth in the preceding conclusion, an erroneous interpretation is given therein to the nature of the right declared for the first time in the code—as defined in the second paragraph of rule 1 of the temporary provisions thereof—for if this new right arises from acts taking place under the prior legislation, it is obvious that when such acts are of a character different from, or conflicting with, those required by said code, such rule cannot possibly be applied; it being absolutely necessary, therefore, having in mind the letter and spirit thereof, to leave standing in their integrity and legal signification such situations as affect a state of personality perfectly defined in the prior legislation.   On the other hand, this Supreme Court has not made any doctrinal declaration inconsistent with that set forth in the judgments which are alleged in the aforesaid appeal to have been violated, but, on the contrary, it has repeatedly laid down the fundamental principle that either the old or the new legislation is applicable, according to the date of the children's birth."

These same reasons, which we accept as convincing, are applicable to the present case with respect to the plaintiffs, Carmen and Lucía, whose rights of affiliation should accordingly be regulated by the provisions of the Spanish Civil Code, under which they were conceived and had their birth.

See also the judgment of the Supreme Court of Spain of April 28, 1894, in the case of D. I. P. y M. and S. R. y P. in *re patria potestas*, and our judgment in the case of *Gual v. Gual*, decided June 25, 1909.

But this is not all. The plaintiffs, Carmen and Lucía, cannot expect to secure the desired acknowledgment, based on provisions of the Revised Civil Code, because such right is in conflict with, or prejudicial to, other rights originating or acquired through the operation of the Spanish legislation, under which they were conceived and born.

Under the previous legislation only legitimate or legitimized children and lawfully acknowledged natural children had a right to bear their father's surname and to receive support, according to articles 114, 122, 127, and 134 of the Civil Code, while illegitimate children, not in the enjoyment of the legal status of natural children, had only the right to claim support from their parents, according to article 139.

Moreover, according to article 129, only a natural child could be acknowledged, and the acknowledgment of a child which did not have the condition of a natural child, as defined in article 119, could be contested. Finally, according to article 141, it was forbidden to admit a judicial complaint the purpose of which was to investigate, either directly or indirectly, the paternity of illegitimate children who had not the legal status of natural children, with the exception of the cases mentioned in subdivisions 1 and 2 of article 140.

According to these provisions of law, the father had a right to demand that none but his legitimate, legitimized, or acknowledged natural children should bear his surname. He was obliged to support his illegitimate children only in cases 1 and 2 of article 140—that is, where the paternity was inferred from a final judgment rendered in a criminal or civil action, or shown in an indisputable document in which the filiation was expressly acknowledged by him. He could be compelled, in a proper case, to acknowledge only a child who had the status of a natural child, while the acknowlegdment

of one who did not have such status could be contested; and, lastly, the father could not be sued by an illegitimate child for the purpose of investigating his paternity.

The new code admits no classification other than that of legitimate, illegitimate, and legitimized children, as defined in section 180; the acknowledgment is extended to all illegitimate children, according to section 187; an illegitimate child has the right to bear the family name of the person recognizing him and to be supported by the same on an equal footing with legitimate children, according to sections 186 and 191, and there is no provision forbidding an investigation of paternity.

So, then, if the filiation and rights of the plaintiffs, Carmen and Lucía, were regulated by the provisions of the Revised Civil Code, the hereinbefore-enumerated rights arising under the previous legislation in favor of their father and his successors in interest would be prejudiced; wherefore it must be concluded that in the absence of the conditions for natural filiation required by article 119 of the old Civil Code, the plaintiffs, Carmen and Lucía, cannot be acknowledged as daughters of José Vilá y Soler, as requested in the complaint, nor allowed any right derived from such acknowledgment.

As regards the other plaintiff, José, his rights should be regulated by the Revised Civil Code, under the régime of which he was conceived and born; and it having been shown that he is the illegitimate child of Dolores Lucero and José Vilá y Soler, by whom he was acknowledged as such, according to the estimate of the evidence made by the lower court, his right to having such acknowledgment judicially declared and therefore to bear his father's surname cannot be questioned; but he cannot seek to inherit from him by will, nor that the will executed by Vilá y Soler be adjudged null and void, as requested in the complaint.

The Revised Civil Code, in treating of testamentary succession, established the rights of acknowledged illegitimate children with respect to their fathers and natural ancestors,

as may be seen in Article V, Chapter II, Title III, Book III, of said code; but the latter's provisions under sections 795 and 796 were substituted by sections 1, 14, 15, 16, 17, 18, and 19 of the act referring to inheritance, approved March 9, 1905.

Under said act only natural children legally acknowledged are recognized as having hereditary rights; and as the provisions thereof are a reproduction of the old Civil Code, the signification of *natural children* should be the same as that given by said code in its definition of such children under section 119, which reads:

"Natural children are those born out of wedlock of parents who, at the time of the conception of the child, could have married with or without dispensation."

The grammatical and legal concept or idea of "natural child" is more restricted than that of "illegitimate child," and we cannot admit that both have the same extension and scope. Had it been the purpose of the legislature to recognize hereditary rights in favor of illegitimate children, as the latter are defined in the Revised Civil Code, it would have made use of the locution "illegitimate children," and not that of "natural children." Acting as it did, it has recognized hereditary rights in favor of natural children legally acknowledged, as defined in the old Civil Code. Thus, then, hereditary rights cannot be recognized in favor of the plaintiff, José, who was born under the régime of the Revised Civil Code and subject to the act governing inheritance, which substantially modified the provisions of said code with respect to testamentary succession.

Neither could such hereditary rights be recognized in favor of the plaintiffs, Carmen and Lucía, even upon the supposition that their filiation was governed by the Revised Civil Code and not by the old code.

The lower court certainly erred in admitting as evidence in the present case the testimony given in the divorce suit of

José Vilá y Soler against María de la Paz Palermo by said María and her legitimate children, Salvador and Francisco; but as said evidence was merely cumulative and Salvador has also testified in the case at bar, we do not see that the appellant plaintiffs have been prejudiced thereby, nor that such error calls for the reversal of the judgment.

The picture or photograph mentioned in the sixth ground of the appeal has been fully identified at the proceedings as representing José Vilá and Dolores Lucero and their daughters, Carmen and Lucía, the same being an enlargement of the one taken at the house of Dolores Lucero by Salvador Vilá, as asserted at the trial by several witnesses.

Lastly, as to the eighth and ninth grounds of appeal concerning error in estimating the evidence produced by both parties, the lower court settled the conflict between them by deciding in favor of the filiation claimed by the plaintiff, José Lucero, the only one having capacity to be acknowledged, and it has not been shown that the court was actuated by prejudice, passion, or manifest error, wherefore we cannot go against its conclusion, according to the doctrine heretofore laid down in numerous decisions.

As regards the grounds of the appeal taken by the plaintiffs, it is idle to discuss them, having in mind that, for the reasons above set forth, no hereditary rights whatsoever can be recognized in their favor; and if such rights existed they would not be governed by section 930 of the (Spanish) Civil Code which refers to cases of intestate succession, while the one at bar is of testamentary succession, Vilá y Soler having died leaving a will which cannot be adjudged void.

For the foregoing reasons we are of the opinion that the judgment appealed from should be reversed, except where it declares that the plaintiff, José, as the acknowledged illegitimate child of José Vilá y Soler, is entitled to bear his father's family name, as to which particular it is affirmed,

while all the other pronouncements prayed for in the complaint are declared not to lie.

*Decided accordingly.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.